UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| EDWARD AKINRINOLA,<br>    Plaintiff,<br><br>v.<br><br>ASHBEL T. WALL, DIRECTOR<br>SERGIO DESOUSAROSA, WARDEN<br>    Defendants. | C. A. No. 16-370-M-LDA |

## ORDER

Edward Akinrinola filed a lawsuit against Ashbel T. Wall, the Director of the Rhode Island Department of Corrections, and Sergio Desousarosa, Warden at the Medium Security prison facility. The basis for the complaint is a 90-day sentence in the Segregation Unit at Maximum Security that Mr. Akinrinola received as discipline.[1] ECF No. 1 at 2. In his complaint, simply captioned "42 U.S.C. § 1983," he asserts that this discipline constitutes a "false imprisonment, illegally abolishing the *Morris v. Travisono*, 499 F. Supp. 149 (D.R.I. 1980) rules[2] which govern discipline and classification at the Rhode Island Department of Corrections." ECF No. 1 at 1. He seeks an injunction "releas[ing him] from the penalty," an immediate transfer "back to regular status," restraining ACI personnel from sending him to segregation,

---

[1] Defendants assert that Mr. Akinrinola's discipline related to "the unwanted sexual touching of a female dental assistant." ECF No. 10-1 at 1.

[2] For a thorough discussion of the *Morris* Rules see *Rodi v. Ventetuolo*, 941 F. 2d 22 (1st Cir. 1991).

harassing him, searching his cell without permission, and restoring his good time. *Id.* at 7.

Defendants move to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1), alleging that this Court lacks subject matter jurisdiction and under Rule 12(b)(6), arguing that Mr. Akinrinola fails to state a claim because he did not allege a liberty interest sufficient to support a constitutional violation. ECF No. 10. Mr. Akinrinola opposed the motion to dismiss, essentially re-asserting his complaint allegations. ECF No. 11.

After reviewing the memoranda, complaint, and applicable legal precedent, the Court grants Defendants' motion. First, Mr. Akinrinola has failed to set forth a justiciable federal question to establish subject matter jurisdiction in this Court. His claim is grounded in false imprisonment allegations – a state law claim. Moreover, it is well established that complaints rooted in violations of the *Morris* Rules must be brought in state court. *Lother v. Vose*, 89 F.3d 823 (Table) (1st Cir. 1996). While the *Morris* Rules remain in effect, "those Rules are *state* rules and regulations that govern the conduct of classification and disciplinary proceedings at the ACI, and are to be enforced, if at all, by state machinery." *Doctor v. Wall*, 143 F. Supp. 2d 203, 204 (D.R.I 2001).

Second, Mr. Akinrinola seeks an injunction and declaration from this Court finding that the state "illegally abolish[ed]" the *Morris* Rules. "The Morris Rules were promulgated in consequence of a consent decree entered by the United States District Court for the District of Rhode Island." *Rodi*, 941 F. 2d at 23. The First Circuit has

2

definitively ruled that inmates may not bring "individual section 1983 actions for injunctive or declaratory relief which are based on consent decree violations." *Lother*, 89 F.3d 823 (citing *Martel v. Fridovich*, 14 F.3d 1, 3 n. 4 (1st Cir. 1993)). Because Mr. Akinrinola only seeks injunctive and declaratory relief under the *Morris* Rules derived from a consent decree, this Court does not have jurisdiction to hear it and thus, the action is barred.

In light of these jurisdictional rulings, the Court need go no further. However, in light of the fact that Mr. Akinrinola filed his complaint pro se, the Court will examine the substance of his complaint, in which he couches his claim as a § 1983 action and refers to violations of due process with regard to his disciplinary segregation sentence.

A defendant may state a viable claim for violation of the *Morris* Rules in federal court, but he "must make an allegation of a federal constitutional violation and bring an action under 42 U.S.C. § 1983 in order to be heard in this Court." *Doctor*, 143 F. Supp. 2d at 205. Principles of due process, however, will not be implicated unless the punishment in segregation causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Upon review of his complaint, the Court finds that Mr. Akinrinola fails to set forth any facts to show the basis for a federal constitutional violation. Merely using constitutional words in a complaint are not sufficient to state a claim. The fact that Mr. Akinrinola was placed in disciplinary segregation does not, without allegations that being in segregation caused an "atypical and significant

hardship" beyond the daily realities of being incarcerated in a prison environment, state a claim for relief under the Constitution. *Id.* Therefore, the Court GRANTS Defendants' Motion to Dismiss. ECF No. 10.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

October 31, 2016